*667 MEMORANDUM BY THE COURT ON THE ORIGINAL TRIAL
The plaintiffs rely for recovery upon a letter written by Capt. Albert F. Lopez, of the Fuel and Forage Division of the Quartermaster Corps, stationed in New York. The plaintiffs claim that this letter extended the time for the performance of the contract. The contract provides that an extension of time-for the performance of the contract must be authorized by the contracting officer, and Captain Lopez was not the contracting officer and had no authority from the contracting officer to extend the time of the performance of the contract. Moreover, the letter itself does not extend the time for the performance of the contract, and that thi was the construction placed upon it at the time is borne out by the correspondence between the parties, for on May 25, 1918, the plaintiffs were given shipping instructions as to such portion of the hay due on the contract as they might be able to recompress by May 28th, the original expiration date; and on the same date plaintiffs were notified that the depot quartermaster at New York “ has wired to the chief of foragei with reference to allowing you to commercialize such hay as you may have at New Durham which you can not compress by May 28.” On the same day Lopez, for the New York office, notified the chief of forage at Chicago, that Murray had 100 cars at New Durham of single-baled hay which he could not possibly recompress by May 28, and asked, “May he sell commercially or shall we extend delivery time? ” Thus showing that it was not contemplated 'by Lopez that an extension of time had been granted by his letter of May 23, 1918. That the plaintiffs did not regard the said letter as an extension of time is *668 evidenced by the fact that on May 31, 1918, they wired to the chief of forage at Chicago requesting an extension of time to complete the contract.
MEMORANDUM BT THE COURT ON THE RETRIAL
This case is before the court for the second time, a motion for a new trial having been allowed upon the grounds of newly discovered evidence. The newly discovered evidence was said to be the fact that Captain Lopez wrote the letter of May 23, 1918 (Finding V), not only upon the verbal but also the written authority of Captain Langenberg, who was Acting Quartermaster General in the absence of the Quartermaster General, and who in a written letter to him expressly extended the time for the completion of the contract of April 1, 1918, in order that the hay for the Canal Zone might be recompressed by the contractor. The plaintiffs have failed to prove the existence of said letter, leaving no additional testimony except the quoted excerpts from the Manual for the Quartermaster Corps. This, we think, is insufficient to supply the absence of authority upon which the court previously acted in dismissing the petition. Therefore, the court adheres to its original conclusion, reported on May 4, 1925, which it hereby again adopts and reports, with an order dismissing the petition. It is so ordered.